IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRACY ROMARA FOLEY,

    Petitioner,                    No. CIV S-04-1223 FCD GGH P

    vs.

M. S. EVANS, Warden,            ORDER &

    Respondent.[1]             FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

    Petitioner, a state prisoner proceeding with appointed counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 1998 conviction for which he was sentenced, on January 27, 1999, to a term of 33 years-to-life (with additional terms stayed): (count 1) assault with intent to commit sodomy (Cal. Penal Code § 286); (count 2) assault with a deadly weapon (Cal. Penal Code § 220); (count 3) assault with a

\\\\\

\\\\\

---

[1] Pursuant to respondent's notification that the current warden of Salinas Valley State Prison, where petitioner is incarcerated, is M.S. Evans, the court herein substitutes the name of the current warden for that of Anthony Lamarque, as respondent in this action.

1

deadly weapon by a prisoner (Cal. Penal Code § 4501/667(e)(2)); (count 4) assault with a deadly weapon by a prisoner (Cal. Penal Code § 4501/667(e)(2))(a)(2)).[2]

Petitioner asserts, inter alia, claims of ineffective assistance of counsel. The parties informed the court that they sought to have the timeliness issue adjudicated before proceeding with investigation or litigation of the merits; therefore, by order filed on February 1, 2005, the court directed respondent to proceed on a motion to dismiss the petition as barred by the statute of limitations under AEDPA. Respondent filed a motion to dismiss on March 3, 2005, to which petitioner filed an opposition on March 18, 2005.

Respondent moves for dismissal on the grounds that 1) this petition was filed beyond the one-year statute of limitations pursuant to 28 U.S.C. §2244(d); 2) petitioner has failed to exhaust state court remedies; and 3) the petition is an abuse of the writ.

II.  <u>Statute of Limitations</u>

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted. AEDPA amended 28 U.S.C. § 2244(d)(1), applicable to this 1998 conviction, so that it now provides,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] There were sentence enhancements under Cal. Penal Code §§667(e)(2) and 667(e)(2)(a)(ii), but a stay was imposed, under Cal. Penal Code § 654, on counts 2, 3 and 4.

2

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner appealed his sentence to the Third District Court of Appeal, which affirmed the judgment on May 18, 2000. See Respondent's Motion, pp. 2-3, Exhibit 2. Petitioner filed a petition for review in the California Supreme Court on June 28, 2000, which was denied on August 9, 2000. Id., Exhibits 3-4. Petitioner's conviction became final upon the expiration of the 90-day period wherein petitioner would have had to file a petition for writ of certiorari with the United States Supreme Court, or on November 7, 2000. Respondent's Motion, p. 3, Exhibits 3-4; Supreme Court Rule 13; Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999); Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998). Petitioner had one year from that date, or until November 7, 2001, to file a timely federal habeas petition.[3] Unless excused by statutory or equitable tolling, the instant petition, filed June 25, 2004, is not timely by more than two and one half years.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. Petitioner filed his first state habeas petition in the Sacramento County Superior Court on February 7, 2000, which was denied on March 31, 2000. Respondent's Motion, p. 4, Exhibits 5-6. Petitioner filed a petition in the California Supreme Court, on October 2, 2003, which was denied on June 9, 2004, the state supreme court finding that some of the claims had previously been determined on direct review, citing In re Waltreus, 62 Cal. 2d 218 (1965), and that also the petition, or claims

---

[3] The court notes that petitioner did file a prior application for writ of habeas corpus in the Central District on November 7, 2001, challenging the same conviction/sentence in federal court which was transferred to this district on November 26, 2001, and thereafter dismissed on respondent's motion, for failure to exhaust administrative remedies, by order filed on September 8, 2003, and judgment entered thereon. See Case No. CIV S-01-2168 MCE GGH P (Foley v. Larmarque). Because, however, the filing of a federal petition does not toll the statute of limitations under § 2244(d)(2), it has no bearing on the question of a time bar. Duncan v. Walker, 533 U.S. 167, 121 S. Ct. 2120 (2001).

within, were untimely, citing In re Robbins, 18 Cal. 4th 770, 780 (1998).  Respondent's Motion, p. 4, Exhibits 7-8.

  Petitioner's initial state habeas petition, respondent observes (MTD, p. 5), was denied more than seven months prior to the time when petitioner's conviction became final (90 days after the denial of his state supreme court petition for review), on November 7, 2000, and therefore the first state habeas petition did not toll the statute, as it had not even begun to run. Under such circumstances, it is highly improbable that petitioner's second habeas petition, the one filed on October 2, 2003, can in any way be deemed a completion of one full round of a properly filed application.

  However, even if definitional gymnastics can make a state habeas case process "pending" despite years long inactivity between filings, two recent Supreme Court cases direct that no statutory tolling be permitted here.  First, in order for a habeas filing to count as "properly filed," it must be timely filed: "[w]e hold that time limits, no matter their form, are 'filing' conditions." Pace v. DiGuglielmo, __U.S.__, 125 S. Ct. 1807, 1814 (2005).  Pace did not require that the untimeliness ruling be subject to the procedural bar threshold requirements; it did not do so because analysis of federal statutory tolling for federal statute of limitations does not require a procedural bar analysis.  See Bonner v. Carey, 425 F.3d 1145, 1148-1149 (9th Cir. 2005), quoting Pace: "'[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).'"[4]  If the state court has found a filing untimely, it is per se not properly filed.  In order for a state habeas proceeding to count at all in the federal tolling

---

[4] Thus for purposes of *federal* limitations tolling purposes, and specifically, whether a state petition was properly filed, respondent bears no burden of showing that the state law was adequate and consistently applied as he would in the separate procedural bar analysis.  The state court's finding is "the end of the matter."  The purpose of the AEDPA limitations is to prevent the stale filing of federal petitions; the concept of procedural bar is based on deference to independent state procedural grounds to bar review on the merits.  Procedural bar is a judge made doctrine; tolling requirements stem from a federal statute.  Petitioner's counsel has confused the two distinct concepts.  While both concepts may be ultimately based on comity, they are analyzed separately.

4

1  scheme, it must be properly filed. 28 U.S.C. § 2244(d)(2). When the state supreme court cited
2  In re Robbins, it found the petition untimely. Thus, the first superior court petition filed in 2000
3  has no later filed petition to which it can attach in order to create a "tolling period."

4     The undersigned further finds that the state supreme court's citation of In re
5  Waltreus, does not aid petitioner for those claims which he initially brought to the state supreme
6  court on direct review. First, there is no reason to assume that the citation to Robbins was not
7  meant to apply to the entire petition. It is not unreasonable to assert that the claims in a belated
8  state habeas petition are belated whether they were previously raised or not. However, even if
9  Robbins was meant only to apply to the "new" claims, Pace informs us that the *petition* was not
10 properly filed if an untimeliness determination was made. See Gaston v. Palmer, 417 F.3d 1030,
11 1039 (2005) ("proper filing" refers to the entire filing and not the individual claims therein).
12 Statutory tolling reaches a metaphysical level if a petition can be properly filed and improperly
13 filed at the same time.

14     Secondly, and even assuming that the second, state supreme court petition was
15 properly filed in whole or in part, in a case with remarkable similarity to the case at bar, the
16 Supreme Court found that an unexplained, or insufficiently explained years long gap between
17 filings could not permit the notion that habeas proceedings were nevertheless pending during the
18 years long hiatus. Evans v. Chavis, __U.S.__, __S. Ct.__, 2006 WL 42398 (2006). In Evans, the
19 petitioner filed two pre-AEDPA state habeas petitions, and then, after their denial on the merits,
20 waited three years to file a petition with the California Supreme Court. The state supreme court
21 issued a silent denial. The Supreme Court found that the Ninth Circuit had erroneously
22 interpreted Carey v. Saffold, 536 U.S. 214, 122 S. Ct. 2134 (2002), in that the Ninth Circuit had
23 equated denials on the merits by state courts, and especially the state supreme court, as an
24 inexorable directive that a petitioner had timely filed the pertinent habeas petition for purposes of
25 federal tolling of the AEDPA limitations statute. The Supreme Court held that a decision on the
26 merits did not necessarily mean that a state habeas petition was timely filed. The court further

found no legitimate fact in the record which could justify or excuse the three year delay, and hence it simply reversed the Ninth Circuit's decision that the AEDPA limitations period had been statutorily tolled. The present case involves a petitioner who filed his first state petition, and had it denied, prior to the time the AEDPA limitations period even started to run because the time line on the finality of the conviction did not end until November 7, 2000. Over three years later, (from the denial of his first state habeas petition) petitioner filed a petition in the state supreme court. Thus, petitioner has a problematic hurdle to jump in convincing the court that the state supreme court would have considered the delay "reasonable," and thus the second petition timely under California law.

Petitioner cannot claim justification because he filed an errant (completely unexhausted) federal petition in 2001. The Supreme Court has held that such petitions do not count to exclude time for tardily filed federal petitions. Duncan v. Walker, supra. If it does not count in the initial limitations analysis, it should not count in the tolling exception analysis either as a "justification." Moreover, in this case, there was no legal justification for filing a completely unexhausted petition. Petitioner does not attempt to advance any other factual justification for the tardy filings, i.e., sick, lockdowns and the like. The Supreme Court's Evans decision is on point and must be followed.[5] The three year plus gap between filings was unreasonable.

Likewise, petitioner does not contend that he is entitled to equitable tolling In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds, Calderon v. U.S. District Court (Kelly), 163 F.3d 530 (9th Cir. 1998), abrogated on other grounds, Woodford v. Garceau, ___U.S.___, 123 S. Ct. 1398 (March 25, 2003), the Ninth Circuit found that the statute of limitations could be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the petition on time.

---

[5] Petitioner's cited Ninth Circuit cases, e.g., Gaston v. Palmer, 417 F.3d 1030, 1042 (9th Cir. 2005,—which followed the now determined invalid Saffold-after-remand theory that intervals between decisions on the merits will always be counted as part of the tolling period no matter what the delay—are no longer good law on this point after Evans.

Equitable tolling is "unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exception swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 1998). Petitioner has the burden of demonstrating that equitable tolling is appropriate. Id. at 1065. Petitioner has failed to do so.

Finally, petitioner's claim of actual innocence, which might stand as a basis for ignoring the statute of limitations, is attenuated and highly speculative at best. The court, therefore, finds that this petition is time-barred and the motion to dismiss should be granted on that ground.

III. Failure to Exhaust

Respondent avers and petitioner concedes that the claims of the present petition are wholly unexhausted. MTD, pp. 1-2, 6-7; Opp., p. 7. Respondent seeks dismissal with prejudice of this action on the grounds that it is time-barred; petitioner asks for dismissal without prejudice.

The undersigned has found that the entire petition is time-barred, no grounds for equitable tolling having been set forth. Moreover, there is no sense in sending time barred claims back to state court for exhaustion. The contention that the present petition constitutes an abuse of the writ need not be reached. The court must recommend that respondent's motion be granted and that this action be dismissed with prejudice.

IT IS ORDERED that the Clerk of the Court substitute in the name of M.S. Evans, Warden, for that of Anthony Lamarque, as respondent in this case.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's March 3, 2005, motion to dismiss be granted and this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written

7

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within ten days after service of the objections.  The parties are advised
4  that failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: 1/18/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

10  ggh:009
   fole1223.mtd